UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HECTOR ESPINOSA, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | NO. 3:07 CV 86 (MRK) |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

## RULING and ORDER

Pending before the Court is Hector Espinosa's Motion to Vacate, Set Aside, or Correct his Sentence [doc. # 1] ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. Mr. Espinosa was sentenced by the Court on January 19, 2006 to 57 months' incarceration and 4 years of supervised release after Mr. Espinosa plead guilty to Count One of the Superseding Indictment, charging him with conspiracy to possess with intent to distribute and to distribute one hundred grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). *See* 3:05-cr-00195-MRK-7.

Mr. Espinosa raises two grounds in his Motion to Vacate: (1) that his trial counsel was ineffective because he failed to argue for a downward departure on the ground that as a deportable alien Mr. Espinosa's prison conditions would be more severe as he would not be eligible for pre-release custody to a halfway house at the end of his sentence, pursuant to 18 U.S.C. § 3624(c); and (2) that his trial counsel's failure to request a downward departure based on Mr. Espinosa's status as a deportable alien prevented Mr. Espinosa from preserving the issue for appeal.

The Court has reviewed both the Sentencing Memorandum submitted by Mr. Espinosa's counsel prior to sentencing, *see* 3:05-cr-00195-MRK-7 [doc. # 440] as well as the Transcript, 3:05-cr-00195-MRK-7 [doc. # 1164], of Mr. Espinosa's sentencing, both of which the Court ordered

be sent to Mr. Espinosa, *see* Order [doc. # 7]. After reviewing the record, the Court DENIES Mr. Espinosa's Motion to Vacate for two reasons.

First, as the Government noted in its Reply to Motion to Vacate [doc. # 3], Mr. Epinosa waived his right to collaterally appeal any sentence less than or equal to 87 months' imprisonment. *See* Plea Agreement, 3:05-cr-00195-MRK-7 [doc. # 343] at 4. At his sentencing, the Court conducted a colloquy with Mr. Espinosa, asking him if he understood that he was waving his right to collaterally appeal any sentence less than or equal to 87 months' imprisonment. Mr. Espinosa indicated to the Court that he understood that he was waiving this right. *See* Transcript, 3:05-cr-00195-MRK-7 [doc. # 1164] at 29:15-23. Moreover, Mr. Espinosa is not challenging the validity of his plea agreement, which might allow him to collaterally appeal his sentence despite his waiver. *See Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195-96 (2d Cir. 2002). Thus, because the Court sentenced Mr. Espinosa to 57 months' imprisonment, Mr. Espinosa has waived his right to bring this collateral attack on his sentence. *See U.S. v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993) ("In no circumstance, however, may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.").

Second, even if Mr. Espinosa had not waived his right to collaterally appeal his sentence, the Court finds that Mr. Espinosa's claims lack merit. Both during the sentencing proceeding and in his sentencing memorandum, Mr. Espinosa's counsel raised precisely the issue that Mr. Espinosa claims he did not raise. *See* Transcript, 3:05-cr-00195-MRK-7 [doc. # 1164] at 14:11-24; Sentencing Mem., 3:05-cr-00195-MRK-7 [doc. # 440] at 5 ("Finally, if the Court chooses to impose a non-guideline sentence, the defendant also urges the Court to consider that because Mr. Espinosa is not

a citizen, his incarceration will be under conditions more difficult than those of the typical inmate charged for a similar offense. He will not be eligible for a halfway house placement during the last 10% of his sentence because aliens do not qualify for such placements."). Thus, contrary to Mr. Espniosa's claims, the Court finds that Mr. Espinosa's counsel did not ineffectively represent him by failing to discuss how his status as a deportable alien would affect his sentence.

Therefore, both on procedural and substantive grounds, the Court DENIES Mr. Espinosa's Motion to Vacate [doc. # 1]. Because Mr. Espnisoa has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue and **the Clerk is directed to close the file.**

                                        IT IS SO ORDERED.

                              /s/      Mark R. Kravitz
                                  United States District Judge

**Dated at New Haven, Connecticut: July 30, 2007.**